**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK PATRICK GANSERT, *Plaintiff* | § § § | |
| v. | § § | Case No.  SA-25-CA-01394-XR |
| RESIDENCES AT LANDON RIDGE LP, AP COMPANIES, HOUSING AUTHORITY OF THE CITY OF SAN ANTONIO, *Defendants* | § § § § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in this case, filed November 21, 2025 (ECF No. 4), recommending that this case be **DISMISSED** pursuant to Rule 8(a)(2) and 28 U.S.C. § 1915(e)(2)(B). After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

### BACKGROUND

**I.    Plaintiff's Complaint**

Plaintiff is a participant in the Section 8 Housing Choice Voucher Program. He names three defendants in this suit: Residences at Landon Ridge LP, an entity operating residential rental property at which Plaintiff resides in San Antonio, Texas ("Landon Ridge"); AP Companies ("AP"), the alleged owner and operator of Landon Ridge responsible for all maintenance, repairs, and regulatory compliance for Section 8 housing; and the San Antonio Housing Authority, d/b/a Opportunity Home San Antonio ("SAHA").

Plaintiff alleges that SAHA executed a Housing Assistance Payments ("HAP") contract with Landon Ridge for the rental unit in which Plaintiff resides. According to Plaintiff's proposed

complaint, the HAP contract is subject to all Housing and Urban Development ("HUD") regulations for properties leased through the Section 8 program as codified in 24 C.F.R. Part 982.

He asserts claims for (1) First Amendment violations brought under 18 U.S.C. § 1983; (2) retaliation under the Fair Housing Act ("FHA"); (3) breach of the HAP contract; and (4) violations of HUD regulations and a failure to enforce the HAP contract. Plaintiff seeks damages, declaratory and injunctive relief, and a writ of mandamus.

## II.     The Magistrate Judge's Recommendation

The Magistrate Judge granted Plaintiff's motion to proceed IFP but recommended that Plaintiff's complaint be dismissed for failure to state a claim pursuant to Rule 8(a)(2) and 28 U.S.C. § 1915(e)(2)(B). *See id.*

To begin, the Magistrate Judge concluded that the complaint fails to state a claim under 42 U.S.C. § 1983 against Landon Ridge and AP because it does not (1) adequately allege that those Defendants are state actors, or (2) identify a policymaker or official policy or custom that was the "moving force" behind the alleged violations of Plaintiff's First Amendment rights. ECF No. 4 at 3–4 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, the complaint merely describes the incident that gave rise to his injury—that Defendants allegedly imposed a pretextual lease violation against him for disturbing others in retaliation for distributing flyers around the complex concerning tenant rights. This is insufficient to support a 1983 claim on a theory of municipal liability. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (a plaintiff "must do more than describe the incident that gave rise to his injury").

The Magistrate Judge further concluded that Plaintiff failed to state a retaliation claim against Landon Ridge and AP under Section 3617 of the FHA because his complaints to Defendants fell outside the scope of activity protected by the FHA. *See* ECF No. 4 at 5 (noting that

Plaintiff's complaints involved fraudulent billing for trash services and a failure to repair defects in Plaintiff's front door rather than discriminatory treatment due to his race, sex, or any other protected characteristic under 42 U.S.C. § 3617).

Finally, the Magistrate Judge concluded that Plaintiff's requests for mandamus relief compelling SAHA to comply with HUD regulations and enforce the HAP contract against his landlords must fail because (1) the Fifth Circuit has held that there is no private right of action for violations of Section 8 housing standards in the United States Housing Act,[1] and (2) courts in this circuit have found that Section 8 tenants are not third-party beneficiaries of HAP contracts administered by public housing authorities.[2]

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff was served with a copy of the Report and Recommendation on November 29,2 205. *See* ECF No. 7. No objections have been filed with this Court.

Because no party has timely objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

---

[1] *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 611 (5th Cir. 2001).

[2] *Rodgers v. Garland Hous. Agency*, No. 3:01-CV-0477-H, 2001 WL 1029516, at *3 (N.D. Tex. Aug. 21, 2001); *Modica v. Reyna*, No. 1:08-CV-871, 2009 WL 2827975, at *9 (E.D. Tex. 2009, Sep. 2, 2009).

## CONCLUSION

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's complaint is **DISMISSED** for failure to state a claim

The Clerk is **DIRECTED** to **CLOSE** this case. A final judgment will follow.

The Clerk is **FURTHER DIRECTED** to mail a copy of both (1) this Order and (2) the Final Judgment to Plaintiff Mark Patrick Gansert at 14522 Landon Ridge, Suite 15107 San Antonio, TX 78253.

It is so **ORDERED**.

**SIGNED** this 22nd day of December, 2025

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4